IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY LEE GARCIA,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>GOOGLE INC. and YOUTUBE, LLC,<br><br>    Defendants-Appellees. | No. 12-57302 |

**APPELLEES' MOTION FOR JUDICIAL NOTICE**

    Defendants-Appellees Google Inc. and YouTube, LLC respectfully request that the Court take judicial notice of a decision from the U.S. Copyright Office and supporting documents, in that Office's File Number 1-EBE2DM . We have attached copies to this motion, and have included them in the addenda to Google and YouTube's petition for rehearing en banc and brief in response to the Court's call for a vote on rehearing en banc.

    1.    The documents are a March 6, 2014 Copyright Office decision refusing to register Appellant Cindy Lee Garcia's claimed copyright in her "Innocence of Muslims" performance, as well as correspondence between Garcia and the Office prior to that decision.

    2.    This Court has recognized that it may take judicial notice of "matters of public record," *Reyn's Pasta Bella, LLC* v. *Visa USA, Inc.*, 442 F.3d 741, 746

n.6 (9th Cir. 2006), including the "[r]ecords and reports of administrative bodies," *Barron* v. *Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). It accordingly has taken judicial notice of Copyright Office records in the past. *See*, *e.g.*, *Sybersound Records, Inc.* v. *UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008) (taking judicial notice of Copyright Office records reflecting the registered owners of certain copyrighted songs); *Oroamerica, Inc.* v. *D & W Jewelry Co.*, 10 Fed. App'x 516, n.4 (9th Cir. 2001) (taking judicial notice of Copyright Office registration certificate).

    3.    Judicial notice is particularly appropriate here because the Copyright Office's refusal to register Garcia's claimed copyright goes to the heart of this case. Moreover, Congress expressly intended that courts would have the Office's decision granting or refusing registration available to them when they decide copyright-infringement cases. *See* 17 U.S.C. § 411(a); *see also* Appellees' En Banc Stay Br. at 22.

For the foregoing reasons, the motion should be granted.

                                              Respectfully submitted,

                                              /s/ Neal Kumar Katyal

| | |
|---|---|
| TIMOTHY L. ALGER | NEAL KUMAR KATYAL |
| SUNITA BALI | CHRISTOPHER T. HANDMAN |
| PERKINS COIE LLP | DOMINIC F. PERELLA |
| 1305 Porter Drive | SEAN MAROTTA |
| Palo Alto, California 94306 | HOGAN LOVELLS US LLP |
| (650) 838-4334 | 555 Thirteenth Street, N.W. |
| TAlger@perkinscoie.com | Washington, D.C. 20004 |
| Sbali@perkinscoie.com | (202) 637-5600 |
| | neal.katyal@hoganlovells.com |
| March 12, 2014 | *Counsel for Defendants-Appellees Google Inc. and YouTube, LLC* |

# EXHIBIT



**United States Copyright Office**

Library of Congress • 101 Independence Avenue SE • Washington DC 20559-6000 • www.copyright.gov

December 18, 2012

The Armenta Law Firm
Attn: M Armenta
11900 Olympic Blvd Suite 730
Los Angeles, CA 90064
United States

Correspondence ID:   1-EBE2DM
RE:     Desert Warrior

Dear M Armenta:

We are writing because of questions about the authorship and ownership of this work. The application names Cindy Lee Garcia as the sole author of "dramatic performance fixed in tangible medium of expression." The copy you sent contains no credits, but online sources indicate that Ms. Garcia is an actress in the film "Innocence of Muslims," which appears to be the same as the motion picture on the disc you submitted for registration under the title "Desert Warrior." Online sources indicate that the film was written and produced by Nakoula Basseley Nakoula under the pseudonym Sam Bacile.

For copyright registration purposes, a motion picture is a single integrated work.  You stated that Ms. Garcia did not sign an agreement or a release for her rights when she acted in 'Desert Warrior.' Copyrightable authorship in a motion picture may include production, direction, camerawork, editing and script.  Assuming Ms. Garcia's contribution was limited to her acting performance, we cannot register her performance apart from the motion picture.  Nor does it seem likely that she is entitled to register a claim in the motion picture as a whole in her name.  Please see the enclosed Motion Picture Authorship Leaflet for more information.

If you feel that Ms. Garcia has the right to claim copyright in the entire motion picture, please state the reasons for your position.  Otherwise, we must refuse registration.  Where registration is refused, we close our file without further action and keep the copy and non-refundable filing fee according to our practices.

Sincerely,


Laura Lee Fischer
Chief, Performing Arts Division
U.S. Copyright Office



# The Armenta Law Firm

A PROFESSIONAL CORPORATION

Via USPS

March 13, 2013

Laura Lee Fischer
Chief, Performing Arts Division
U.S. Copyright Office
Library of Congress
101 Independence Avenue SE
Washington DC 20559-6000

    Re:    Desert Warrior, Correspondence ID: 1-EBE2DM

Dear Ms. Fischer:

    Thank you for your letter of December 18, 2012. I am writing to provide the reasons that we believe that Ms. Garcia has a copyrightable interest in her dramatic performance in the work, "Desert Warrior." Enclosed is a copy of Ms. Garcia's brief filed before the United States Court of Appeals for the Ninth Circuit. The matter is fully briefed and pending. We are awaiting a hearing date. I am requesting that the Copyright Office await the decision of the Ninth Circuit before taking any action. We believe that the Court will decide the very issue that was raised in your letter. If you have any questions or concerns or need any additional paperwork or information concerning the status of the appeal, please feel free to contact me directly.

    Sincerely,

    M. Cris Armenta



**United States Copyright Office**
Library of Congress   101 Independence Avenue SE   Washington, DC 20559-6000   www.copyright.gov

Mr. M. Cris Armenta
The Armenta Law Firm
11900 Olympic Blvd., Suite 730
Los Angeles, CA 90064

March 6, 2014

Dear Mr. Armenta:

      On December 18, 2012, Ms. Laura Lee Fischer, Chief of the Performing Arts Division of the United States Copyright Office's Registration Program, wrote to you in response to the claim by Ms. Garcia in a copyrightable interest in her dramatic performance in a motion picture, "Desert Warrior." Ms. Fischer's letter stated that "[f]or copyright registration purposes, a motion picture is a single integrated work." It went on to state that "[a]ssuming Ms. Garcia's contribution was limited to her acting performance, we cannot register her performance apart from the motion picture." The letter concluded by stating that "[i]f you feel that Ms. Garcia has the right to claim copyright in the entire motion picture, please state the reasons for your position. Otherwise, we must refuse registration."

      On March 13, 2013, you replied to Ms. Fischer by stating that you believed that Ms. Garcia "has a copyrightable interest in her dramatic performance in the work, 'Desert Warrior,'" and attached a brief to the United States Court of Appeals for the Ninth Circuit that you stated "fully briefed" the matter. You did not, however, respond to Ms. Fischer's specific question or acknowledge that the U.S. Copyright Office clearly stated that it views dramatic performances in motion pictures to be only a part of the integrated work -- the motion picture.

      In accordance with the Office's previous letter, the Office must refuse registration. Although you asked the Office to await the decision of the Ninth Circuit before taking any action, the Office finds that the Copyright Act vests exclusive authority in the Register of Copyrights to render a decision as to whether to issue a certificate of registration or refuse an application for registration. 17 U.S.C. § 410. Moreover, Congress expressly envisioned that registration decisions by the Register of Copyrights would precede adjudication in the courts. 17 U.S.C. § 411. If infringement actions are instituted prior to registration determinations by the Register of Copyrights, not only will the evidentiary presumption be lost when certificates are issued, but more importantly, where the Office finds a claim to be invalid, the Register's statutory right to intervene in an action instituted pursuant to a refusal to register is nullified. 17 U.S.C. § 411(a).

The U.S. Copyright Office's longstanding practices do not allow a copyright claim by an individual actor or actress in his or her performance contained within a motion picture. The rationale behind this position is clear: an actor or actress in a motion picture is either a joint author in the entire work or, as most often is the case, is not an author at all by virtue of a work made for hire agreement. This view is supported by the legislative history of section 201 of the Copyright Act:

> The definition of "joint works" has prompted some concern lest it be construed as converting the authors of previously written works, such as plays, novels, and music, into coauthors of a motion picture in which their work is incorporated. *It is true that a motion picture would normally be a joint rather than a collective work with respect to those authors who actually work on the film, although their usual status as employees for hire would keep the question of coownership from coming up.* On the other hand, although a novelist, playwright, or songwriter may write a work with the hope or expectation that it will be used in a motion picture, this is clearly a case of separate or independent authorship *rather than one where the basic intention behind the writing of the work was for motion picture use.* In this case, the motion picture is a derivative work within the definition of that term, and section 103 makes plain that copyright in a derivative work is independent of, and does not enlarge the scope of rights in, any pre-existing material incorporated into it. There is thus no need to spell this conclusion out in the definition of "joint work."
>
> H.R. Rep. 94–1476 at 120 (emphasis added).

While a novelist, playwright, or screenwriter may create distinct works that are later adapted or incorporated into a motion picture, i.e., a new derivative work, an actor's or actress' performance in the making of a motion picture is an integrated part of the resulting work, the motion picture as a whole. An actor's or actress' performance is either joint authorship or is a contribution under a work made for hire agreement. There is no question that Ms. Garcia's performance was not a stand-alone motion picture that was subsequently adapted into another motion picture. Rather, it was a part of the creation of "Desert Warrior", subsequently re-named, "Innocence of Muslims". There is also no question that Ms. Garcia intended her contribution or performance to "be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. §101. If her contribution was not as a work made for hire, she may assert a claim in joint authorship in the motion picture, but not sole authorship of her performance in a portion of the work. If her contribution was neither a work made for hire nor the requisite authorship to warrant a claim in a joint work, Ms. Garcia has no separable claim to copyrightable authorship in her performance.

The Office has identified at least one exception to the general rule on treating motion pictures as integrated works. Where a separate portion of a motion picture is commissioned, such as a special effects scene that qualifies as a discrete work in itself that is later incorporated into a motion picture, such a separate work may be neither a joint work nor a work made for hire, but rather a work created by an independent contractor. Such an exception is premised on the creation of a stand-alone work that is independently authored, fixed, and sufficiently creative to

2

be considered a separate claim within one or more of the statutory categories of authorship in section 102(a).

The Office's view on this matter is not limited to motion pictures. The same reasoning would apply to the musicians, vocalists or production specialists on a sound recording. The Office would refuse an authorship claim by an individual musician who contributed an individual performance to a sound recording unless the claim was as a joint author. An exception would exist where a discrete sound recording was made by a musician that was later incorporated into a new, derivative sound recording.

Ms. Garcia's performance was not a discrete or separate motion picture that was incorporated into "Desert Warrior". Instead, her performance was one of many actors' performances that went into the making of the integrated motion picture that was fixed by others in the creation of the motion picture as a whole. As such, the Office must refuse registration in Ms. Garcia's claim in her individual performance in the motion picture.

Sincerely,

Robert J. Kasunic
Associate Register of Copyrights and
Director of Registration Policy and Practices
United States Copyright Office

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 12, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Neal Kumar Katyal
Neal Kumar Katyal
